**ORDERED.**

**Dated: November 9, 2012**



*Eileen W. Hollowell, Bankruptcy Judge*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAUNDERS HOTELS, LLC, | ) | Case No. 4:11-bk-16203-EWH |
| | ) | |
| Debtor. | ) | |
| | ) | **MEMORANDUM DECISION ON PLAN** |
| _____ | ) | **CONFIRMATION** |

Saunders Hotels, LLC ("Debtor") filed a Chapter 11 voluntary petition on June 3, 2011. Debtor owns the Hampton Inn & Suites Tucson Mall, Tucson, Arizona ("the Hotel"). Debtor is primarily owned by NCH Corporation and the HF Saunders Company, LLC, both of which are owned and controlled by Michael Hanson ("Hanson") and Randall Dix ("Dix"). The Hotel is managed by Transwest Properties, Inc., which is also owned by Hanson (45%) and Dix (35%). (Unless stated otherwise, the Hanson and Dix entities will be referred to collectively as "Transwest.") To finance the purchase of the Hotel, Debtor took out a loan in the amount of $10,020,000 ("the Loan") from a predecessor of WBCMT 2006-C27 Oracle Road, LLC ("Lender"), which holds the promissory note ("the Note") evidencing the Loan. The Note is secured by the Hotel and all of its rents, proceeds, and profits pursuant to a deed of trust ("the DOT") and an assignment of rents.

On March 2, 2012, Debtor filed its First Amended Plan, and on July 20, 2012, Debtor submitted a version with Non-Material and Non-Adverse Modifications. Debtor submitted additional modifications on July 31 and September 19, 2012. (All modifications will be referred to collectively as "the Modifications," and the First Amended Plan and the Modifications will be referred to collectively as "Debtor's Plan.") Among twelve classes of claimants, Lender was the only creditor that rejected Debtor's Plan. However, Lender is the largest creditor by an overwhelming amount; its claim represents 98% of the total claims in this case. The Court held a confirmation hearing on Debtor's Plan on July 30 and 31, 2012.

The key provisions of Debtor's Plan provide that: (a) HSL Properties, Inc. ("HSL") will invest $400,000 of new capital ("the New Capital") into Debtor in exchange for 100% ownership of the Reorganized Debtor; (b) HSL will receive a 12% return on the New Capital for so long as payments to Lender and other creditors are made; (c) Lender will receive payments on the secured portion of its claim over a 23-year period at 5% interest amortized over 30 years, with the first three years of payments interest only; (d) other secured creditors with liens on property with residual value will receive the current market value of their claims in 60 equal monthly installments at 5% interest; (e) Transwest will be retained to manage the Hotel and receive a management fee subordinate to the return on the New Capital; and (f) unsecured creditors will receive pro-rata distributions from a pool of $25,000, 5% of the Reorganized Debtor's net cash for 10 years, and any estate representative distributions.

2

Case 4:11-bk-16203-EWH    Doc 314    Filed 11/09/12    Entered 11/09/12 15:32:28    Desc
Main Document - Memorandum/Opinion    Page 2 of 4

Debtor failed to file and confirm a reorganization plan during the exclusivity period provided by § 1121(b).[1] As a result, Lender filed a competing plan on July 25, 2012 and Non-Adverse Modifications on October 3, 2012 (collectively "Lender's Plan"). Debtor filed an objection to Lender's Plan on September 19, 2012. The Court held a confirmation hearing on Lender's Plan on September 26, 2012 and took the matter under submission.

Lender's Plan is a 100% plan which will pay all creditors in full with interest. Lender will satisfy its own claim by transferring title of the Hotel and its encumbered assets to Lender or a designated transferee and retaining a different hotel-management company than Transwest to operate the Hotel. Lender's Plan anticipates that the new hotel-management company will retain most of the current Hotel employees other than the top managers.

When evaluating competing confirmation plans, "the court shall consider the preferences of creditors and equity security holders in determining which plan to confirm." 11 U.S.C. § 1129(c). Under both Debtor's and Lender's Plans, the existing equity holders would be replaced. As a result, only creditors' preferences need to be considered when choosing between the competing plans. Accordingly, Lender's Plan should be confirmed because it satisfies all of the required elements of § 1129 and provides for the best interests of creditors. Lender's proposed 100% payment with interest offers better treatment to all creditors than Debtor's proposal, which offers extended payment terms and exposes Lender (the largest creditor) to an unacceptable level of risk.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

3

A separate order denying confirmation of Debtor's Plan and granting confirmation of Lender's Plan will be entered on this date.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center
to the following:

Saunders Hotels, LLC
2850 E. Skyline Dr., Ste. 200
Tucson, AZ 85718

Eric Slocum Sparks
Eric Slocum Sparks, PC
110 S. Church Ave., #2270
Tucson, AZ 85701

David M. Neff
Eric E. Walker
Perkins Coie LLP
131 S. Dearborn Street, Ste. 1700
Chicago, IL 60603

Robert M. Charles
Lewis and Roca LLP
One S. Church Ave., Ste. 700
Tucson, AZ 85701

U.S. Trustee's Office
230 N. First Ave. #204
Phoenix, AZ 85003

4

Case 4:11-bk-16203-EWH   Doc 314   Filed 11/09/12   Entered 11/09/12 15:32:28   Desc
Main Document - Memorandum/Opinion    Page 4 of 4